135 S.E.2d 187 (1964)
205 Va. 36
LUMBERMEN'S MUTUAL CASUALTY COMPANY
v.
Alpha Bowman HODGE.
Supreme Court of Appeals of Virginia.
March 9, 1964.
*188 Richard C. Rakes, Roanoke (Gentry, Locke & Rakes, Roanoke, on brief), for plaintiff in error.
W. R. Broaddus, Jr., John D. Epperly, Martinsville (Broaddus, Epperly & Broaddus, Martinsville, on brief), for defendant in error.
Before EGGLESTON, C. J., and SPRATLEY, BUCHANAN, WHITTLE, SNEAD, I'ANSON and CARRICO, JJ.
CARRICO, Justice.
This is the second appeal which we have been called upon to consider in this case. The opinion disposing of the first appeal is found in 203 Va. 275, 123 S.E.2d 372, under the style of Hodge v. Lumbermens Mutual Casualty Company.
The controversy between these parties commenced when Alpha Bowman Hodge, the plaintiff, filed a motion for judgment against Lumbermen's Mutual Casualty Company, the defendant, seeking to recover $9,015.75. This sum was alleged to be the amount of a judgment which the plaintiff had secured against Thomas Edward Stone for damages for personal injuries sustained by the plaintiff in an automobile accident which occurred on June 22, 1957, in Henry County, as the result of the negligent operation of a vehicle by Stone.
In her motion for judgment, the plaintiff also alleged that Stone was operating the vehicle, at the time of the accident, with the permission of its owner, Reece Motor Sales of Statesville, North Carolina, and that the defendant had issued its policy to Reece which was, at the time of the accident, "outstanding." In its responsive pleading the defendant denied the allegation relating to permission and affirmatively stated that it intended to rely upon the lack of permission as a defense.
The plaintiff further alleged in her motion for judgment that, "[s]hortly after the accident, the Defendant received notice of the accident and upon investigation thereof disclaimed liability therefor." To this allegation the defendant replied merely, "* * it was not until the first part of September, 1957, that it received notice of the accident in question and admits that after investigation thereof it disclaimed liability therefor."
A jury trial was held in which the sole issue litigated was whether the Stone vehicle was being operated at the time of the accident with the permission of its owner. At the conclusion of all the evidence, the trial court, on the defendant's motion, struck the plaintiff's evidence and entered summary judgment for the defendant. The plaintiff sought, and was granted, a writ of error to the final judgment embodying the action of the trial court.
On appeal, we reversed the action of the trial court, holding that the issue of whether Stone was operating with permission was for the jury to decide. 203 Va., at p. 281, 123 S.E.2d at p. 376. Our opinion, written by Mr. Justice Snead, was handed down on January 15, 1962, and on the same date our order was entered reversing and annulling the judgment and remanding the case to the trial court, "* * * for a new trial in accordance with the views expressed in the said written opinion of this court."
*189 On June 12, 1962, the clerk of the trial court notified the parties that the case was set for trial on Monday, October 8, 1962. On Friday, October 5, counsel for the defendant mailed a notice to counsel for the plaintiff that on the day of the trial it would move the court to permit it to amend its responsive pleading by adding a new paragraph, numbered twenty-six, asserting non-compliance by the plaintiff with the notice provisions[1] of the policy.
Before the trial commenced on October 8, and after hearing extensive argument, the trial court refused to allow the defendant to amend its pleading as requested. The trial proceeded before a jury in which the issue was limited, by the trial court, solely to whether Stone was operating with permission. A verdict was returned in favor of the plaintiff for the sum of $9,015.75. The verdict was approved by the trial court and, this time, the defendant sought, and was granted, a writ of error.
The sole question to be determined is whether there was an issue between the parties relating to the alleged lack of timely notice.
We are of opinion that there was no such issue between the parties. The course of conduct of the defendant throughout this case shows that it did not attempt, nor even intend, to make any issue as to notice until the eleventh hour. The trial court ruled that the attempt then came too late.
It is of crucial importance to note that the defendant does not question the action of the trial court in refusing its request to amend its responsive pleading so as to assert the untimeliness of the notice. The question before us must, therefore, be determined on the basis of the pleadings as they stood without such proposed amendment and upon the actions of the parties with relation to the pleadings.
As has been noted, the plaintiff alleged in her motion for judgment that, "[s]hortly after the accident, the Defendant received notice of the accident and upon investigation thereof disclaimed liability therefor." The defendant concedes that the motion for judgment sufficiently alleged compliance with the notice provisions of the policy. To the plaintiff's allegation, the defendant replied that, "* * * it was not until the first part of September, 1957, that it received notice of the accident in question and admits that after investigation thereof it disclaimed liability therefor."
But the defendant had not disclaimed liability for the accident on the ground of lack of timely notice. To the contrary, the disclaimer was based solely upon the ground of lack of permission, as was admitted in another paragraph of the responsive pleading. On December 9, 1957, more than two months after receiving notice of and after investigating the accident, and with knowledge of the plaintiff's claim, the defendant had written Stone denying coverage because, "* * * you did not have permission to operate our insured's car at the time of this accident."
The purpose of a defensive pleading is to inform the opposite party, and to permit the court to determine, what is the true nature of the defense. Unless *190 this purpose is achieved, such a pleading is not sufficient at law. Rule 3:18(d), Rules of Court. And, "[a]n allegation of fact in a pleading that is not denied by the adverse party's pleading, when the adverse party is required by these Rules to file such pleading, is deemed to be admitted. * * *" Rule 3:18(e), Rules of Court.
Viewing the defendant's response in the light of the true and sole reason for the disclaimer of liability, it is clear that it was not a denial of the plaintiff's allegation of timely notice, but an equivocal evasion thereof. It neither denied that notice was received shortly after the accident nor alleged that the notice was untimely. It amounted to no more than a factual allegation that the notice was received in September, 1957. It did not inform the plaintiff, nor permit the court to determine, that the defendant was relying on the lack of timely notice as a defense. It was not sufficient, therefore, to put the question of notice in issue.
A reading of the plaintiff's responsive pleading, as a whole, shows that it was intended to raise one defense, and one defense alonethe lack of permission of Stone to operate the offending vehicle. No other construction can be given its language. And the history of the case is more than ample proof that it was so considered by the parties, by the trial court and, on the first appeal, by this court.
In a pre-trial conference before the first hearing, the trial court, while ruling favorably to the defendant on the admissibility of certain evidence, stated:
"* * * I have read the pleadings in this case and the depositions of the various witnesses rather carefully and I agree with counsel [for the defendant] that certainly the paramount issue is whether or not Thomas Edward Stone had permission, as contemplated by law, or as contemplated by the insurance contract at the time of the accident."
The reason that the phrase "paramount issue" was used by the trial court was because the defendant contended that Stone had secured possession of the vehicle through fraud and deceit; that he therefore received no permission as contemplated by law, and that, in any event, Stone had deviated from the permitted route. Thus, both the paramount and subsidiary issues related to permission.
All of the testimony at the first trial related to the question of permission. The defendant's motion to strike the evidence, made at the conclusion of the plaintiff's case and overruled by the trial court, was based solely upon the proposition that permission had not been proven, as a matter of law. A similar motion, made at the conclusion of all the evidence and granted by the trial court, was based solely upon the same ground.
In her brief, filed in this court in the first appeal, the plaintiff, speaking of the defendant's responsive pleading, said, "[t]he defendant made the defense that the said Thomas Edward Stone did not have permission on the day in question to use the vehicle which injured the plaintiff. * *" In its brief, the defendant stated that it, "* * * filed a Responsive Pleading denying any liability to the plaintiff on the ground that possession of its insured's automobile had been fraudulently obtained by Thomas Edward Stone so that there was no original permission. * * *" The question of notice was not mentioned in either brief.
Mr. Justice Snead, interpreting the defendant's responsive pleading on appeal, said, "[i]n its responsive pleading defendant denied any liability to plaintiff or that there was any coverage available to Stone at the time and place of the accident because he did not have `permission' * * *." 203 Va., at p. 276, 123 S.E.2d at p. 373.
When the case was returned to the trial court, Stone was not available to the plaintiff as a witness. Shortly before the second *191 trial, the parties stipulated that the testimony which Stone had given at the first trial, where notice was not an issue, could be used as evidence at the second trial.
On the morning of the second trial, the defendant, finally, requested leave to amend its responsive pleading by adding a new paragraph asserting a violation of the notice provisions of the policy.
During argument upon this request, the defendant's counsel candidly stated:
"* * * [T]his amended responsive pleading would allow the Defendant to assert the defense of failure to give notice as soon as practicable. * * *
"The Defendant takes the position that heretofore there was no necessity to raise the notice issue. * * *
"* * * I want to apologize to the Court for the lateness with which this matter has been presented to the Court. But I must state honestly that the point hadn't occurred to me, but was raised or suggested by my client. * * *"
* * * * * *
"* * * To have alleged the notice point in the first trial would have weakened the first argument that there was no initial permission as a matter of law. * * *" [Emphasis added].
In refusing to allow the defendant to amend its responsive pleading, the trial court stated that it would not accept, at such a late date, "a pleading that would entirely change the approach to the problems involved, and would entirely change the complexion of the case."
At the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, the defendant moved to strike the evidence on the ground of lack of timely notice. On each occasion, the plaintiff asserted that the notice provisions of the policy were not in issue. In overruling each of these motions, the trial court indicated that it did not consider notice to be an issue in the case. The court also refused the defendant an instruction on the question of notice and overruled its motion to set aside the verdict, one of the grounds of which related to notice.
As has been said, we are not called upon to decide whether the trial court properly exercised its discretion in refusing the defendant's request to amend its responsive pleading. We do agree, however, with the trial court that the amendment would have entirely changed the complexion of the case.
The amendment, if allowed, would have presented an issue which had not previously existed in the case. The amendment, if allowed, would have permitted the defendant to bring into the case a policy defense which it had not previously raised, a defense which, as the plaintiff contends, the defendant, by its course of conduct, had waived.
But, the defendant argues, the plaintiff cannot rely on waiver in this court because she did not rely thereon in the trial court. The defendant erroneously states, however, that the waiver urged by the plaintiff is a waiver of the requirement that notice of the accident be timely given. The waiver for which the plaintiff contends is the waiver of the right to defend, at the second trial, on the ground that notice was not timely given. It is the latter principle, although not specifically labeled as such, which the plaintiff urged upon the trial court and which the latter properly accepted and applied.
The notice provisions of the policy were for the benefit of the defendant. It was entitled, if it so chose, to assert the alleged violation of those provisions as a ground of avoiding liability under the policy. Instead, knowing full well that 73 days had elapsed between the date of the accident and the date it received notice thereof, when it disclaimed liability, it gave as the sole reason therefor the alleged lack *192 of permission; when it filed its responsive pleading, it did not deny the plaintiff's allegation of timely notice but asserted the alleged lack of permission as the only defense; it waited until, as the trial court ruled, it was too late in seeking to amend its responsive pleading to make notice an issue in the case. In so doing it waived its right to defend on the ground that notice was not timely given. Virginia Mutual Insurance Co. v. State Farm Mutual, 204 Va. 783, 790, 791, 133 S.E.2d 277; West Rockingham Mutual Fire Insurance Co. v. Sheets & Co., 26 Gratt. (67 Va.) 854, 864, 865; Bowen v. Merchants Mut. Cas. Co., 99 N.H. 107, 107 A.2d 379, 383, 384; Annotation, 18 A.L.R.2d 443, § 31, p. 491; 7 Am.Jur.2d, Automobile Insurance, § 150, p. 477; 45 C.J.S. Insurance § 1062, p. 1287.
Thus, there was but one proper issue for the jury to decidewhether Stone was operating the vehicle with the permission of its owner. The defendant does not question the judgment of the trial court in approving the verdict with respect to that issue. Accordingly, the judgment will be
Affirmed.
NOTES
[1] "10. Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

* * * * * *
"13. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."